UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| NATASHA WASHINGTON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TIRRELL WILLIAMS | CASE NO: |
| VERSUS | |
| THE BOARD OF TRUSTEES OF FORT SCOTT COMMUNITY COLLEGE AND CARSON HUNTER | |

### COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Natasha Washington, individually and as personal representative of the Estate of Tirrell Williams, who hereby files this complaint for damages against The Board of Trustees of Fort Scott Community College and Carson Hunter as follows:

### PARTIES

1. Named as Plaintiff herein is:

    a. **NATASHA WASHINGTON**, individually and as personal representative of the Estate of Tirrell Williams, heir and mother of Tirrell Williams, who is a person of the full age of majority residing in Marrero, Louisiana.

2. Named as Defendants herein are:

    a. **THE BOARD OF TRUSTEES OF FORT SCOTT COMMUNITY COLLEGE** (referred to herein as "Fort Scott Community College"), a public community college located in Fort Scott, Kansas.

    b. **CARSON HUNTER**, who was employed as the head football coach by Fort Scott Community College at all times pertinent to this litigation, and who resides in Pensacola, Florida.

3. The above-named Defendants are liable unto Plaintiff for all injuries and damages (general, special, punitive, and such other damages as may be available) sustained by Plaintiff as a result of the accident which occurred on or about August 4, 2021, in Fort Scott, Kansas.

## JURISDICTION AND VENUE

4. Jurisdiction is proper before this Honorable Court under 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

6. Tirrell Williams was a student at Fort Scott Community College, where he played on the school's football team.

7. On August 4, 2021, Tirrell Williams was at football training at Fort Scott Community College under the direct supervision of the head football coach, Defendant Carson Hunter.

8. At all times pertinent herein, Carson Hunter was an employee of Fort Scott Community College.

9. Plaintiff's injuries were caused when Carson Hunter negligently, recklessly, and improperly forced Tirrell Williams to undergo an unreasonable, abusive, and dangerous training regimen in unsafe conditions, which lead to his injuries and ultimately resulted in his death.

10. As a direct result of this incident, Tirrell Williams sustained serious and permanent injuries to his mind and body, with which he suffered for many weeks and which eventually resulted in his death.

11. Tirrell Williams was not at fault in causing this incident, his injuries, or the resulting damages.

12. The following acts or omissions proximately caused Plaintiff's injuries:

   a. Forcing Tirrell Williams to undergo an unreasonable training regimen;

   b. Forcing Tirrell Williams to train in unsafe environmental conditions;

   c. Failure to provide necessities during the training regimen;

   d. Failure to have safety measures in place and/or available during the training regimen;

   e. Failure to timely and appropriately respond to Tirrell Williams condition; and

   f. Any other act or omission by Defendants which contributed to Tirrell's death.

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

### Carson Hunter's Negligence

13. Plaintiff incorporates by reference her prior allegations.

14. Carson Hunter had a duty to exercise due care in his training of the athletes under his supervision.

15. It was reasonably foreseeable by Carson Hunter that an unreasonable, abusive, and dangerous training regimen could result in the injury or death of student athletes.

16. Carson Hunter grossly and wantonly breached his duty of care when he forced the athletes under his care to undergo an unreasonable, abusive, and dangerous training regimen.

17. Carson Hunter knew or should have known that his training regimen could injure the players but forced the players to undergo the training regimen anyway, with reckless indifference to whether they could be injured and with further reckless indifference to the adverse reactions of his players during the training regimen.

3

18. As a direct and proximate result of Carson Hunter's gross and wanton acts and omissions as alleged herein, Tirrell Williams suffered injuries and pain and suffering for multiple weeks, which ultimately resulted in his death.

19. Carson Hunter is liable individually and under the Kansas Tort Claim Act because he is guilty of gross and wanton negligence, which proximately caused Tirrell William's death. K.S.A. § 75–6104(o).

### Fort Scott Community College's Negligence

20. Plaintiff incorporates by reference her prior allegations.

21. Fort Scott Community College had a duty to exercise due care in selecting, training, supervising, and regulating its employees.

22. It was reasonably foreseeable by Fort Scott Community College that an unreasonable, abusive, and dangerous training regimen could result in the injury or death of student athletes.

23. Fort Scott Community College grossly and wantonly breached its duty of care when it failed to exercise due care in selecting, training, supervising, and regulating its employees.

24. Fort Scott Community College knew or should have known that failure to exercise due care in selecting, training, supervising, and regulating its employees could lead to training related injuries but demonstrated its indifference by failing to remediate the known problems with Carson Hunter's training regimen.

25. The practice that ultimately resulted in the death of Tirrell Williams was not the only abusive practice forced upon the players by Carson Hunter.

26. Carson Hunter was offered the position of head football coach in January 2020.

27. In that same year, there was a mass exodus of football players from the team, after which Fort Scott Community College closed its football program.

28. Specifically, Fort Scott Community College knew or should have known that there were significant problems with Carson Hunter's training regimen because over 70 football players quit the team between the spring of 2020 and the fall of 2021 and players publicly complained of Carson Hunter's tactics via mediums that were posted on social media prior to the underlying incident.

29. As a direct and proximate result of Fort Scott Community College's gross and wanton acts and omissions as alleged herein, Tirrell Williams suffered injuries, which ultimately resulted in his death.

30. Fort Scott Community College is liable under the Kansas Tort Claim Act because Carson Hunter and Fort Scott Community College are guilty of gross and wanton negligence, which proximately caused Tirrell William's death. K.S.A. § 75–6104(o).

31. The negligent actions of Defendant Carson Hunter and any other employees are imputed onto Defendant Fort Scott Community College under the doctrine of respondeat superior, as the employees were acting in the course and scope of their employment with Defendant Fort Scott Community College at all times pertinent to this litigation.

**COUNT II – 42 U.S.C. § 1983 AGAINST DEFENDANT HUNTER**

32. Plaintiff incorporates by reference her prior allegations.

33. Carson Hunter, acting under color of Kansas law as an employee of Fort Scott Community College, deprived Tirrell Williams of the right to bodily autonomy, which is a fundamental right protected by substantive due process that includes the right to be free from physical injury. Carson Hunter refused to provide Tirrell Williams with proper care, hydration, or

5

coverage despite forcing him to go through a reckless training regimen in unsuitable conditions and despite his requests for hydration and an obvious need for a physical rest, all of which led to substantial pain and suffering and the eventual death of Tirrell Williams.

34. Carson Hunter, acting under color of Kansas law as an employee of Fort Scott Community College, deprived Natasha Washington of her right to a familial relationship with her child, which is a fundamental right protected by the Fourteenth Amendment. Carson Hunter refused to provide Tirrell Williams with proper care, hydration, or coverage despite forcing him to go through a reckless training regimen in unsuitable conditions and despite his requests for hydration and an obvious need for a physical rest, all of which led to substantial pain and suffering and the eventual death of Tirrell Williams.

35. Carson Hunter, as a government actor, intentionally, recklessly, and with deliberate indifference, caused damage to Tirrell Williams by abusing and misusing his government power such that it shocks the conscious.

## COUNT III – 42 U.S.C. § 1983 AGAINST DEFENDANT FORT SCOTT COMMUNITY COLLEGE

36. Plaintiff incorporates by reference her prior allegations.

37. Despite a known pattern of abusive practices, Fort Scott Community College consistently failed to supervise Carson Hunter, such that it amounted to a policy or custom allowing him complete autonomy in the training of the football team.

38. The conduct of Fort Scott Community College shocks the conscious.

39. Fort Scott Community College acted with deliberate indifference to the known and/or obvious danger posed by Carson Hunter's unreasonable, abusive, and dangerous training regimen.

40. Fort Scott Community College acted with deliberate indifference in failing to train, supervise, and/or regulate Carson Hunter despite the known or obvious danger.

### COUNT IV - SURVIVAL ACTION AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference her prior allegations.

42. Natasha Washington, as personal representative of the estate of Tirrell Williams, brings a survival action against the defendants for the injury to the decedent, pursuant to K.S.A. § 60–1801 et seq. Tirrell Williams suffered extensive pain and suffering and underwent extensive medical care in the weeks following his collapse before eventually succumbing to his injuries. Defendants are liable for any and all medical expenses, funeral expenses, and the pain and suffering sustained by Tirrell Williams.

### COUNT V - WRONGFUL DEATH ACTION AGAINST ALL DEFENDANTS

43. Plaintiff incorporates by reference her prior allegations.

44. Natasha Washington, as heir of the decedent, brings a wrongful death claim against the defendants for their injuries suffered as a result of the decedent's death, pursuant to K.S.A. § 60–1901 et seq. Natasha Washington has suffered the profound loss of her son and defendants are liable unto her for past, present and future pain and suffering, mental anxiety, depression and all other damages allowed to her under federal and state laws.

### DAMAGES

45. Plaintiff, Natasha Washington, individually and as personal representative of the Estate of Tirrell Williams, itemizes the damages caused by Defendants as follows:

    a. Past, present, and future medical expenses;

    b.      Past, present, and future pain, suffering, mental anguish, disability, inconvenience, embarrassment, humiliation, loss of ability to enjoy life, loss of ability to pursue happiness and personality change;

    c.      Loss of chance to survive;

    d.      Loss of society, companionship, comfort, or protection;

    e.      Loss of filial care or attention;

    f.      Reasonable funeral expenses for the deceased; and

    g.      Other elements of damages that will be shown at the trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, **NATASHA WASHINGTON**, individually and as personal representative of the Estate of Tirrell Williams, prays that **THE BOARD OF TRUSTEES OF FORT SCOTT COMMUNITY COLLEGE** and **CARSON HUNTER,** be cited to appear and answer same within the delays allowed by law, and that, after due proceedings, there be judgment in favor of Plaintiff and against Defendants for all reasonable damages warranted under the circumstances of this case, as well as costs and fees in this action, including attorneys' fees incurred in prosecuting this action, together with prejudgment interest, and punitive damages to the full extent permitted by law.

## DEMAND FOR JURY

Plaintiff requests a jury trial on all claims stated herein.

## DESIGNATION OF PLACE OF TRIAL

Kansas City, Kansas.

Respectfully submitted,

DRZ LAW, LLC

/s/ Chris Dove
Christopher Dove    KS #21251
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

-and-

**COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC**
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Fax: (504) 394-9110
Philip F. Cossich, Jr. (LA Bar 1788)
Darren Sumich (LA Bar 23321)
Brandon J. Taylor (LA Bar 27662)
Jody J. Fortunato (LA Bar 31728)
*Pro Hac Vice Admission Pending*